IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00526-MSK-BNB

GREASE MONKEY INTERNATIONAL, INC., a Colorado corporation,

Plaintiff,

v.

ERNESTO ALMADA VALENZUELA, an individual, and
MARIO ALBERTO TREVINO SOLANO,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with the Order to Show Cause [Doc. # 35] entered on October 30, 2014.  In its Response [Doc. # 36], the plaintiff sought affirmative relief as follows:

> If the Central Authority in Mexico does not serve process on Defendants at their residence addresses, then the Court should enter an order allowing Grease Monkey to serve Defendants through email addresses or social media if possible.  Grease Monkey will serve Defendants with the Complaint and Summons in both English and Spanish.  Grease Monkey requests an enlargement of time until Tuesday, March 3, 2015, to complete service of process through the Central Authority in Mexico pursuant to Fed. R. Civ. P. 4(f)(1), or through electronic mail or social media on Defendants pursuant to Fed. R. Civ. P. 4(f)(3).

Local rule of practice 7.1(d), D.C.COLO.LCivR, prohibits a party from including a motion in a response or reply.  Instead, "[a] motion shall be filed as a separate document."  Id. Consequently, I ordered the plaintiff to seek relief from its service obligations, if at all, by an appropriate motion filed on or before December 17, 2014.  Order [Doc. # 37].  No such motion was received.

The action was filed on February 29, 2012, against defendants located in the Republic of Mexico. Complaint [Doc. # 1] at ¶¶2-3. Rule 4(m), Fed. R. Civ. P., requires that service of process be completed within 120 days after the complaint is filed, but it expressly excludes from that requirement "service in a foreign country under Rule 4(f)," as is occurring here. Where international service is required, the Hague Convention provides the applicable procedure, and the plaintiff reports that it has attempted to utilize that process. Response to Order to Show Cause [Doc. # 36]. Those efforts have been unsuccessful, however, and the plaintiff reports:

> 8. . . . [A]s of the date of this Response, Plaintiff's counsel does not know whether the Central Authority in Mexico will attempt service of process at the residence addresses for Defendants or whether such service of process will prove successful if attempted.
>
> 9. Clearly, the Republic of Mexico has gone to great lengths to hinder Grease Monkey's ability to obtain service of process on Mexican citizens for a lawsuit pending before this Court. Base upon the experience in this case, Plaintiff's counsel strongly suspects that the Republic of Mexico systematically hinders the ability of individuals and corporate citizens of the United States to sue Mexican citizens before any court in the United States.

Id.

Rule 4(f)(3), Fed. R. Civ. P., provides alternative means for service of process internationally, and the plaintiff discussed using an alternative means in its Response, id. at ¶¶12-17, but it has failed to seek court permission for alternative service, notwithstanding my Order of December 3, 2014 [Doc. # 37]. Consequently, I find that the plaintiff has failed to prosecute the case and failed to follow my Order [Doc. # 37].

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to

2

>  comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order or dismissal with or without prejudice.

Alternatively, D.C.COLO.LCivR 41.2 provides:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a case administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion.

In this case, the plaintiff has acted with reasonable diligence to attempt to make service of process against the defendants, but has been unsuccessful. The plaintiff has failed to remedy the problem by application of Fed. R. Civ. P. 4(f)(3), however, despite my order directing that it do so. Meanwhile, the case has been at a standstill since filing nearly three years ago.

I respectfully RECOMMEND that the action be administratively closed, subject to reopening in the event the plaintiff effects service of process or seeks leave to make alternative service under Fed. R. Civ. P. 4(f)(3).[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 7, 2015.

                                         BY THE COURT:

                                         /s/ Boyd N. Boland
                                         United States Magistrate Judge

4

Dated January 7, 2015.

                                           BY THE COURT:

                                           s/ Boyd N. Boland
                                           United States Magistrate Judge